**Ward K. DOHMAN, Plaintiff,**

v.

**Riley Barry HOUSELY, III,
et al., Defendants.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Third–Party Plaintiff, Respondent,**

v.

**LEAGUE OF MINNESOTA CITIES INSURANCE TRUST, Third–Party Defendant, Appellant.**

**No. CX–91–888.**

Court of Appeals of Minnesota.

Dec. 10, 1991.

Review Denied Feb. 11, 1992.

Raymond L. Tahnk–Johnson, Meagher & Geer, Minneapolis, for respondent.

Mark J. Condon, Erik M. Bergmanis, Chadwick, Johnson & Condon, P.A., Minneapolis, for appellant.

Considered and decided by DAVIES, P.J., and PARKER and FOLEY,* JJ.

## OPINION

FOLEY, Judge.

This appeal involves a coverage dispute over whether the insured was an occupant of a squad car and the priority of uninsured motorist benefits under Minn.Stat. § 65B.49, subd. 3a(5) (Supp.1985). We reverse and remand.

## FACTS

The facts here are undisputed. Just after midnight on April 16, 1986, police officer Ward K. Dohman and another officer drove through the parking lot of a local bar. In the parking lot Dohman saw a man, later identified as Riley Barry Housely, III, sitting with another man in a station wagon. The domelight in the station wagon was on. The officers parked the police car and walked toward the station wagon. As they approached, Housely put the car in gear, pushed the accelerator and sped away. The station wagon ran over Dohman's right foot and threw Dohman into the air. Dohman's foot and shoulder were seriously injured.

Housley was not insured. The city insured Dohman's squad car through appellant League of Minnesota Cities Insurance Trust, and respondent State Farm Mutual Automobile Insurance Company carried Dohman's personal automobile insurance. Both policies included uninsured motorist coverage.

On June 23, 1987, Dohman commenced a personal injury action against Housley. Dohman filed an uninsured motorist claim with State Farm, which it denied. On February 23, 1990, the trial court allowed Dohman to amend his original complaint to include State Farm. On March 29, 1990, State Farm brought a third party claim against the League for indemnification or contribution.

The League and State Farm each moved for summary judgment on July 18, 1990. The trial court granted State Farm partial summary judgment. It determined Dohman was an occupant of the police car and ordered the League to provide primary uninsured motorist coverage to Dohman under Minn.Stat. § 65B.49, subd. 3a(5). The trial court issued a duplicate order on October 30, 1990, and entered partial summary judgment on April 10, 1991. The League appeals.

## ISSUES

1. Did the trial court err when it found Officer Dohman was an "occupant" of his squad car at the time he walked away from his squad car to investigate suspicious persons?

2. Is the city's insurance carrier the primary insurer under Minn.Stat. § 65B.49, subd. 3a(5)?

## ANALYSIS

On appeal from summary judgment, this court is to determine whether there are any genuine issues of material

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

fact and whether the trial court erred in applying the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Both parties agree there are no issues of material fact. The questions here concern whether the trial court erred in its interpretation and application of the law. The application of case and statutory law is a legal conclusion which this court may review de novo. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 581 (Minn.1977).

1. The League contends the trial court erred in concluding that Dohman was an occupant of a city vehicle when he was injured.

> Minn.Stat. § 65B.49, subd. 3a(5) provides:
> If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured.

"Occupying" a motor vehicle is not defined by statute. However, Minn.Stat. § 65B.43, subd. 3 (1984) defines the use of a motor vehicle as

> use of a motor vehicle as a vehicle, including, incident to its * * * use as a vehicle, occupying, entering into, and alighting from it.

"Use" of a vehicle is broader than "operation" of a vehicle. The scope, however, is limited to activities the costs of which should be allocated to driving as part of car insurance. *Marklund v. Farm Bureau Mut. Ins. Co.*, 400 N.W.2d 337, 339 (Minn.1987). A three-part test is used to determine if an injury arose out of the use of a motor vehicle: (1) the extent of causation between the motor vehicle and the injury; (2) if an act of independent significance occurred breaking the causal connection; (3) the type of use of the motor vehicle. *Continental W. Ins. Co. v. Klug*, 415 N.W.2d 876, 878 (Minn.1987). We hold

the trial court erred when it concluded that Dohman was "occupying" his police car at the time of his injury.

The Minnesota Supreme Court has noted:

> This 'connection' between use and injury is something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury. It is enough if 'the injury is a natural and reasonable incident or consequence of the use of the vehicle.'

*Tlougan v. Auto-Owners Ins. Co.*, 310 N.W.2d 116, 117 (Minn.1981) (quoting *Haagenson v. National Farmers Union Property & Cas. Co.*, 277 N.W.2d 648, 652 (Minn.1979)). The police car here did not have to be a proximate cause but rather naturally and reasonably an incident or consequence of the car's use. *See Nadeau v. Austin Mut. Ins. Co.*, 350 N.W.2d 368, 369 (Minn.1984). This means the police car must be an "active accessory" to the injury. *Tlougan*, 310 N.W.2d at 117.

The trial court relied on numerous cases where the Minnesota Supreme Court found a continuing relationship between persons and cars and therefore found the persons continued to be occupants of the cars. The Minnesota Supreme Court found the injured was an occupant when he was struck from behind by another car while standing outside his car filling his gas tank. *Balderrama v. Milbank Mut. Ins. Co.*, 324 N.W.2d 355 (Minn.1982). The supreme court also found the injured was an "occupant" when another vehicle struck him while he was changing his tire. *Klein v. United States Fidelity & Guar. Co.*, 451 N.W.2d 901 (Minn.App.1990), *pet. for rev. denied* (Minn. Mar. 27, 1991). In each Minnesota case the trial court relied on, however, the insured was outside the car performing car maintenance or unloading/loading the car. This is not the case, here.

At the time Dohman was injured, he walked away from the squad car to investigate suspicious persons. The Minnesota Supreme Court found an act to be separate and independent of the use of a motor

vehicle when, after chasing and stopping a motorcyclist, a police officer left his squad car and committed battery on the motorcyclist. *Holm v. Mutual Serv. Cas. Ins. Co.*, 261 N.W.2d 598 (Minn.1977). The court also found a separate act when a driver left his car, walked to another car, and punched the other driver. *Wieneke v. Home Mut. Ins. Auto Ins. Co.*, 397 N.W.2d 597 (Minn. App.1986), *pet for rev. denied* (Minn. Jan. 21, 1987).

It is clear from the facts here that Dohman was *not* occupying a vehicle. The squad car was not an "active accessory" to the injury. The police car was parked when the officers walked over to Housley's station wagon. The squad car was not in any way related to Dohman's injury. Therefore, the police officer's investigation was a separate and independent act. Dohman was not an occupant of the police car.

■ 2. The League contends because Dohman was not an occupant of the squad car, State Farm is the primary insurer. The trial court found the League to be the primary insurer. The priority of uninsured motorist coverage is determined by Minnesota statute.

> If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured.

Minn.Stat. § 65B.49, subd. 3a(5).

■ The trial court found the League had an insuring intent to cover accidents that occurred in the course of duty. Therefore, concluded the trial court, Dohman had to exhaust the League's coverage before looking to State Farm for excess coverage.

Minnesota statutes, however, dictate otherwise. Minn.Stat. § 65B.49, subd. 3a(5) states:

> If at the time of the accident the injured person is not occupying a motor vehicle, the injured person is entitled to select any one limit of liability for any one vehicle afforded by a policy under which the injured person is insured.

Here, the injured person was not occupying a motor vehicle. Therefore, Dohman is entitled to pick any one limit of liability for any one vehicle afforded by a policy under which he is insured. Because the uninsured motorist coverage follows the person rather than the car, Dohman had two choices for uninsured motorist coverage, the League or State Farm. He chose State Farm by filing a claim and then suing for coverage. Under Minn.Stat. § 65B.49, subd. 3a(5) State Farm is liable to Dohman for his uninsured motorist coverage.

## DECISION

The trial court erred in applying Minn. Stat. § 65B.49, subd. 3a(5). Dohman was not an occupant of his squad car at the time of his injury and therefore is entitled to choose his insurer from the policies under which he was insured. Dohman chose State Farm by filing a claim and initiating this action against State Farm. State Farm is liable to Dohman for uninsured motorist benefits under its policy. Reversed and remanded with orders to enter judgment in accord with this decision.

Reversed and remanded.