**CONTINENTAL CASUALTY INSURANCE COMPANY, Respondent,**

v.

**TEACHERS INSURANCE COMPANY, a/k/a Horace Mann Insurance Company, Appellant.**

**No. C6–95–170.**

Court of Appeals of Minnesota.

June 6, 1995.

Review Denied July 27, 1995.

Michael W. McNee, Andrea E. Reisbord, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for respondent.

Eric J. Magnuson, Karen Imus Johnson, Rider, Bennett, Egan & Arundel, P.L.L.P., Minneapolis, for appellant.

Considered and decided by HARTEN, P.J., and RANDALL and HOLTAN,* JJ.

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

HARTEN, Judge.

Appellant Teachers Insurance Company, a/k/a Horace Mann Insurance Company (Horace Mann), challenges the summary judgment against it, claiming that the district court erred by concluding that it was liable in contribution to respondent Continental Insurance Company (Continental) under a Horace Mann policy and under principles of equitable contribution. We affirm.

## FACTS

On April 3, 1990, a motor vehicle driven by an uninsured motorist struck Michael Lynskey while he was walking across a street in Fort Myers Beach, Florida. Lynskey sustained serious personal injuries as a result of the accident. Lynskey and his wife were named insureds under two uninsured motorist policies—one with Continental, and the other with Horace Mann.

Since the Lynskeys were required by statute [1] to select coverage under only one policy, they selected benefits under the Continental policy, which had a coverage limit of $500,000, rather than the Horace Mann policy, which had a coverage limit of $100,000. Continental subsequently paid its policy limits to the Lynskeys in return for a release of all claims against Continental and an assignment of any claims the Lynskeys had against Horace Mann.

In July 1993, Continental sued Horace Mann and moved for summary judgment, claiming that Horace Mann is liable in contribution as a matter of law pursuant to its policy language and principles of equitable contribution. Horace Mann asserted that Minn.Stat. § 65B.49 precludes any basis for joint liability between Continental and Horace Mann.

The district court granted Continental's motion for summary judgment, concluding that Horace Mann was liable in contribution under both the language of its policy and principles of equitable contribution. The

---

1. Minn.Stat. § 65B.49, subd. 3a requires pedestrians who are injured by uninsured motorists and who have more than one uninsured motorist policy to select coverage under one policy.

court ordered Horace Mann to pay Continental $83,333.30 in accordance with the terms of its policy.[2] Horace Mann appeals.

## ISSUES

1. Did the district court err by concluding that Horace Mann was liable in contribution pursuant to the terms of its policy?

2. Did the district court err by concluding that Horace Mann was liable in contribution under principles of equitable contribution?

## ANALYSIS

■ Horace Mann claims that the district court erred by granting summary judgment for Continental. On appeal from summary judgment, this court must determine "(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State ex rel. Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The parties agree that there are no genuine issues of material fact. The question, therefore, is whether the district court erred in its application of the law. A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ 1. Horace Mann claims that it cannot be liable to Continental under its policy because Minn.Stat. § 65B.49 (1990) renders its policy inapplicable. That section provides that if a pedestrian is injured by an uninsured motorist

> the injured person is entitled to select any one limit of liability for any one vehicle afforded by a policy under which the injured person is insured.

*Id.,* subd. 3a(5). Horace Mann contends that under *Dohman v. Housely,* 478 N.W.2d 221 (Minn.App.1991), *pet. for rev. denied* (Minn. Feb. 11, 1992), once the Lynskeys selected coverage under Continental's policy, Horace Mann's policy was no longer applicable.

In *Dohman,* an uninsured motorist drove over police officer Dohman's foot, causing serious injury. *Id.* at 223. The city insured Dohman's squad car through the League of Minnesota Cities Insurance Trust (the League), and Dohman had personal automobile insurance through State Farm Mutual Automobile Insurance Company (State Farm). *Id.* Both policies provided uninsured motorist coverage. *Id.* Dohman sued State Farm for benefits and State Farm sought contribution or indemnification from the League. *Id.*

The district court granted summary judgment to State Farm, determining that Dohman was an "occupant" of the police squad car and that the League was responsible to provide primary insurance to Dohman. *Id.* We held that the district court erred when it concluded that Dohman was "occupying" his police car at the time of the accident. *Id.* at 224. We therefore looked to Minn.Stat. § 65B.49, subd. 3a(5), and determined that Dohman was entitled to select any one limit of liability, either that of the League or that of State Farm. *Id.* at 225. Since Dohman sued State Farm, we concluded that State Farm was liable to Dohman for uninsured motorist benefits under its policy. *Id.*

Although *Dohman* touches upon the issue here, it is not squarely on point. We decided only that State Farm was liable to Dohman for uninsured motorist benefits. We did not decide whether the League owed a duty of contribution to State Farm. Nor did we interpret an "other coverage" provision. Consequently, *Dohman* is not controlling here.

■ Continental argues that since section 65B.49 is silent on contribution and the Horace Mann policy explicitly provides for contribution in its "other coverage" provision, Horace Mann should contribute. We agree. The relevant portion of the Horace Mann policy provides:

> If the insured is injured as a pedestrian or while occupying your car and other unin-

2. Under the terms of Horace Mann's policy, it agreed to pay that percent of the damages that the limit of liability of its policy bears to the total of all uninsured coverage applicable to the acci-

dent. Accordingly, the court ordered it to pay ⅙ ($100,000/$600,000) of the $500,000 total damages.

sured motor vehicle * * * coverage applies:

    *       *       *       *       *       *

2. we are liable only for our share. Our share is that percent of the damages that the limit of liability of this policy bears to the total of all uninsured motor vehicle * * * coverage applicable to the accident.

(Emphasis omitted.) Continental claims that interpreting this "other coverage" provision to provide coverage in this situation is consistent with Minnesota law, which generally accommodates policy language providing coverage broader than that required by statute. *See, e.g.,* Minn.Stat. § 65B.49, subd. 7 (1990) (insurer may provide more coverage than statutory minimum); *Krueger v. State Farm Fire & Cas. Co.,* 510 N.W.2d 204, 209 (Minn. App.1993) (an insurance policy can include broader coverage than the minimum statutory requirements).

Horace Mann argues that the district court's holding is contrary to the express language in its policy because the "other coverage" provision requires that more than one policy *apply* to a loss before that clause will be triggered. Since only the Continental policy applies, the argument goes, the "other coverage" provision is never triggered. As Continental points out, however, under Horace Mann's interpretation, the "other coverage" provision would be useless in Minnesota because more than one policy would never be applicable after an injured pedestrian elects coverage. *See Wyatt v. Wyatt,* 239 Minn. 434, 437, 58 N.W.2d 873, 875 (1953) ("A construction of an insurance policy which entirely neutralizes one provision should not be adopted if the contract is susceptible of another construction.").

■ Moreover, the legislative history of section 65B.49 shows no intent to limit contribution under these circumstances. In 1985, the legislature amended section 65B.49, subd. 3a (formerly subd. 4) to prohibit judicially-imposed stacking of uninsured and underinsured coverages. 1985 Minn.Laws ch. 168, § 11; *In re State Farm Mut. Auto. Ins. Co.,* 392 N.W.2d 558, 561 (Minn.App.1986).[3]

The 1985 amendments also added subd. 3a(5) (formerly subd. 4(5)), which ties particular accident types to particular limits of coverage:

[I]f at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. * * *

If at the time of the accident the injured person is not occupying a motor vehicle, the injured person is entitled to select any one limit of liability for any one vehicle afforded by a policy under which the injured person is named insured.

1985 Minn.Laws. ch. 168, § 11. The legislature's intent in enacting the 1985 amendments was to limit the total coverage available to injured persons. We find no evidence, however, that the legislature also intended to limit contribution that is expressly provided for in insurance policies.

We hold that the legislature did not intend for section 65B.49, subd. 3a(5) to render an unselected policy *inapplicable* to such extent that a duty to contribute under a pertinent "other coverage" clause is avoided. Horace Mann's "other coverage" clause plainly provides liability where other insurance policies apply. When Lynskey was injured, both the Horace Mann policy and the Continental policy applied. By selecting coverage under one policy, Lynskey was merely choosing the total limit of coverage receivable; he was not limiting Continental's right to contribution from Horace Mann under the plain terms of Horace Mann's policy.

2. Since we conclude that Horace Mann is liable in contribution to Continental pursuant to the Horace Mann policy, we need not address whether Continental has an equitable right to contribution.

## DECISION

The district court correctly applied the law when it awarded summary judgment in favor

---

**3.** The statute has been interpreted to allow contractual stacking. *Austin Mut. Ins. Co. v. Temp-* *lin,* 435 N.W.2d 584, 587 (Minn.App.1989), *pet. for rev. denied* (Minn. Apr. 24, 1989).

of Continental on its contribution claim against Horace Mann.

**Affirmed.**