**Jamie HEINEN, Respondent,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Appellant.**

No. C8–97–224.

Court of Appeals of Minnesota.

Aug. 5, 1997.

Sharon L. Van Dyck, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for respondent.

Elliot L. Olsen, Gislason, Dosland, Hunter & Malecki, P.L.L.P., Hopkins, for appellant.

Considered and decided by PETERSON, P.J., TOUSSAINT, C.J., and AMUNDSON, J.

## OPINION

TOUSSAINT, Chief Judge.

Illinois Farmers Insurance Company (Farmers) argues in its appeal that Jamie Heinen, a named insured under his own automobile insurance policy, is not entitled to underinsured motorist coverage under his parents' automobile insurance policy. Because respondent's automobile insurance policy is closer to the risk, we reverse and remand.

## FACTS

The parties agree that Heinen (1) received severe personal injuries while riding as a passenger in a non-owned automobile, (2) suffered damages attributable to his injuries that exceed $200,000, (3) after collecting the liability policy limits from the non-owned automobile driver's insurer, Heinen sought underinsured motorist coverage (UIM) from Farmers, (4) was the named insured under his own policy with Farmers, with $30,000 in UIM coverage, and (5) had parents who carried their own policy with Farmers, with $100,000 in UIM coverage. Heinen, claiming to be a resident in his parents' home at the

time of the accident, sought to recover the larger UIM policy limit as an omnibus insured under his parents' policy. Farmers, however, only acknowledged Heinen's entitlement to the lower policy limit.

Both policies contained the following "other insurance" clause:

If there is other applicable Automobile Liability Insurance on any other policy that applies to a loss covered by this Part, we will pay only our share. Our share is the proportion that our limits of liability bear to the total of all applicable limits. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance. We will reduce the amount payable under Underinsured Motorist Coverage by the amount of any personal injury protection benefits paid or payable or which would be paid or payable under this or any other motor vehicle insurance policy because of bodily injury sustained by an insured person. If any applicable insurance other than this policy is issued to, or available to, any person receiving benefits from this or any other member company of Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

Heinen brought an action in district court seeking UIM coverage under his parents' policy. The district court denied cross-motions for summary judgment, concluding that factual issues remained as to whether Heinen resided in his parents' home at the time of the accident. The district court concluded:

If residency is established, the "other insurance" clauses are not in conflict and the policy language controls. In that event, plaintiff would qualify for coverage under his parents' policy with the underinsured motorist limit set at $100,000.

After a two-day trial, the jury found that Heinen was a resident of his parents' household at the time of the accident. Upon the jury verdict, the district court issued findings

of fact, conclusions of law, and order for judgment, concluding that

[u]nder the terms of the "other insurance" clauses contained in both Illinois Farmers policies, Jamie Heinen is entitled to recover $100,000.00, the underinsured motorist coverage contained in the single policy with the highest limits.

This appeal by Farmers followed.

## ISSUE

Did the district court err in its conclusion allowing underinsured coverage under the "omnibus insured" and "other insurance" clauses of Heinen's parents' automobile insurance policy?

## ANALYSIS

The underlying facts are undisputed; the parties only contest whether Heinen is entitled to UIM coverage under his parents' policy.[1] When the parties agree to the underlying facts and only dispute the interpretation of an insurance policy, we review de novo whether the district court properly interpreted and applied the law to the facts. *Magnetic Data, Inc. v. St. Paul Fire & Marine Ins. Co.*, 442 N.W.2d 153, 155 (Minn. 1989); *see National Family Ins. v. Bunton*, 509 N.W.2d 565, 567 (Minn.App.1993) (interpretation of insurance policy is question of law subject to de novo review).

■ The district court determined that the identical "other insurance" clauses could be applied consistently, and thus there was no need to employ a "total policy insuring intent" analysis or a "closeness to the risk" analysis. *See Northland Ins. Co. v. Continental W. Ins. Co.*, 550 N.W.2d 298, 302 (Minn.App.1996) (because "other insurance" clauses could be applied consistently, district court did not err by declining to employ a "total policy insuring intent" analysis or a "closer to the risk" analysis); *Illinois Farmers Ins. Co. v. Depositors Ins. Co.*, 480 N.W.2d 657, 659 (Minn.App.1992) (if court determines "other insurance" clauses do not conflict, court need not analyze which policy

---

1. Farmers does not appeal the jury finding that Heinen was a resident of his parents' household at the time of the accident.

is closest to risk). The second paragraph of the "other insurance" clauses states that "[a]ny insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance." When both policies claim to be excess, they are deemed to conflict. *Id.* at 660.

■ The district court, however, focused on the third paragraph and found the "other insurance" clauses consistent

> because both policies can be interpreted to establish the limits of "other insurance" as the highest limits of liability in any of [Farmers'] applicable policies.

We do not agree with the district court's interpretation of the third paragraph. The policy language simply states that when more than one Farmers policy provides UIM coverage, the total amount payable "shall not exceed the limits provided by the single policy with the highest limits of liability." It does not necessarily follow that the insured can choose which policy will provide coverage in a particular instance. We conclude that the "other insurance" clauses conflict and thus it is necessary to employ a "closeness to the risk" analysis.

In making a "closeness to the risk" analysis we ask three questions:

(1) Which policy specifically describes the accident causing-instrumentality?

(2) Which premium is reflective of the greater contemplated exposure?

(3) Does one policy contemplate the risk and use of the accident-causing instrumentality with greater specificity than the other policy-that is, coverage of the risk is primary in one policy and incidental to the other?

*Auto Owners Insurance Company v. Northstar Mut. Ins. Co.,* 281 N.W.2d, 700, 704 (Minn.1979). The Minnesota Supreme Court held in *Hennekens v. All Nation Ins. Co.,* 295 N.W.2d 84, 86–87 (Minn.1980) that in analyzing "other insurance clauses" we should look at "* * *the total policy insuring intent instead of mechanically applying the other insurance clauses."

Although the Farmers policies provide overlapping coverage for the same risk, we conclude that Heinen's policy is closer to the risk because (1) Heinen's own insurance policy specifically describes the accident-causing instrumentality, describing the automobile in which he was a passenger, (2) Heinen has paid a premium for the policy under which he is insured, providing coverage for his own injuries, more closely contemplated a potential claim by him for UIM coverage, and (3) the premium charged is related to the contemplated risks.

■ This result is consistent with the definition of an "insured" under the No–Fault Act. *See* Minn.Stat. 65B.43, subd. 5 (1996) ("insured includes relative residing in household with named insured, provided that relative is not named insured in another policy"). Under the statute, Heinen would be precluded from coverage under his parents' policy. Although, as in this case, an insurer can choose to offer broader UIM coverage than the minimum required by statute, Minn.Stat. 65B.49, subd. 7 (1996), the statutory definition reveals a legislative intent that primary coverage should come from the policy in which the claimant is the named insured.

## DECISION

■ Because Heinen is a named insured under his own automobile insurance policy, he cannot receive UIM coverage under his parents' policy. Heinen is only entitled to UIM coverage under his own policy. We remand for entry of judgment consistent with this opinion.

**Reversed and remanded.**