Linda HOLMSTROM, as Trustee for the Estate of Bradley Scott Holmstrom, Deceased, Plaintiff,

v.

ILLINOIS FARMERS INSURANCE COMPANY, an Illinois corporation, licensed to do business in the State of Minnesota, Respondent,

and

Viking Insurance Company of Wisconsin, Appellant.

No. C4–01–78.

Court of Appeals of Minnesota.

July 10, 2001.

Robert William Roe, Maplewood, (for plaintiff).

Burke Jerome Ellingson, Brendel and Zinn, Ltd., St. Paul, (for respondent Illinois Farmers Insurance Co.).

David H. Oskie, Walter G. Bauch, Oskie & Bauch, P.A., St. Paul, (for appellant Viking Insurance Company of Wisconsin).

Considered and decided by RANDALL, Presiding Judge, TOUSSAINT, Chief Judge, and ANDERSON, Judge.

## OPINION

TOUSSAINT, Chief Judge

Appellant Viking Insurance Company challenges summary judgment in favor of respondent Illinois Farmers Insurance Company, arguing the district court erred in applying the closeness to the risk analysis to excess underinsured motorist coverage sought where the injured person was not an occupant of a motor vehicle or motorcycle. Because Minn.Stat. § 65B.49, subd. 3a(5) (2000), specifically allows injured pedestrians seeking excess underinsured motorist coverage to select any limit afforded by a policy under which they are insured, we reverse.

## FACTS

On August 30, 1997, a motorist struck and killed Bradley Scott Holmstrom as he walked along Highway 36 in Stillwater. At the time of the accident, Holmstrom resided at his parents' home and was insured as a resident family member under his father's automobile insurance policy with respondent Illinois Farmers Insurance Company (Farmers). In addition, Holmstrom owned his own car and was a named insured on a policy issued by appellant Viking Insurance Company (Viking). The Farmers policy had underinsured motorist (UIM) limits of $100,000, and the Viking policy had UIM limits of $30,000.

After respondent Linda Holmstrom, as trustee for the estate, settled with the driver's insurance company, she sought excess UIM coverage under the Farmers policy. Farmers moved for summary judgment, arguing that the "closeness to the risk" analysis required the estate to seek excess UIM coverage under the Viking policy alone. The district court agreed and granted summary judgment for Farmers. Viking appeals.

## ISSUE

Does "closeness to the risk" analysis apply to selection of excess UIM coverage where the injured person was not occupying a motor vehicle or motorcycle at the time of the accident?

## ANALYSIS

On appeal from summary judgment, this court determines whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The interpretation of a statute and the inter-

pretation of insurance policies are questions of law that this court reviews de novo. *Nathe Bros., Inc. v. American National Fire Ins. Co.*, 615 N.W.2d 341, 344 (Minn.2000).

"The relevant guide when underinsured motorist coverage is imposed by operation of law is the language of the No Fault Act." *Osterdyke v. State Farm Mut. Auto. Ins. Co.*, 420 N.W.2d 900, 903 (Minn. 1988). Minn.Stat. § 65B.49, subd. 3a(5) (2000) provides for excess UIM coverage as follows:

> If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured. The excess insurance protection is limited to the extent of covered damages sustained, and further is available only to the extent by which the limit of liability for like coverage applicable to any one motor vehicle listed on the automobile insurance policy of which the insured person is an insured exceeds the limit of liability of the coverage available to the injured person from the occupied motor vehicle.

> If at the time of the accident the injured person is not occupying a motor vehicle or motorcycle, the injured person is entitled to select any one limit of liability for any one vehicle afforded by a policy under which the injured person is insured.

*Id.*

"In separate paragraphs, this statute first states the uninsured/underinsured entitlements of those who occupy a motor vehicle and then declares the benefits for those, such as pedestrians, who do not."

*Northrup v. State Farm Mut. Auto. Ins. Co.*, 601 N.W.2d 900 (Minn.App.1999), *review denied* (Minn. Jan. 25, 2000). The first paragraph governs injuries to those occupying a vehicle, and allows the injured person who is not the named insured, or the spouse, minor, or resident relative of the named insured on the policy of the occupied vehicle to seek excess UIM coverage from another insurance policy. *See Becker v. State Farm Mut. Auto. Ins. Co.*, 611 N.W.2d 7, 10–12 (Minn.2000). The second paragraph governs injuries to those not occupying a vehicle and indicates the injured person may select any one limit afforded by a policy under which the person is insured. *Cf. Continental Cas. Ins. Co. v. Teachers Ins. Co.*, 532 N.W.2d 275, 277 (Minn.App.1995) (holding that where injured pedestrian selects UIM benefits from one of two separate insurers, selected insurer may receive contribution from unselected insurer), *review denied* (Minn. June 6, 1995).

■ The district court applied the "closeness to the risk" analysis to conclude that Holmstrom could only seek excess UIM coverage under the Viking policy. In *Heinen v. Illinois Farmers Ins. Co.*, 566 N.W.2d 378, 381 (Minn.App.1997), we held that a child resident in his parents' home, who is a named insured under his own automobile insurance policy and also an omnibus insured under his parents' automobile policy, may recover UIM coverage only from the policy under which he is a named insured because the policy is closer to the risk. Here, the district court stated that "the *Heinen* decision is directly on point and nearly factually indistinguishable from the present case."

There is one factual distinction, however, that is quite relevant. In *Heinen,* the injured person was an occupant of a motor vehicle. Here, the injured person was not an occupant of a motor vehicle. While the statute provides a priority of coverage when the injured person is an occupant of a vehicle, when the injured person is not an occupant of a vehicle the injured party may select any limit afforded by a policy under which they are insured. Minn.Stat. § 65B.49, subd. 3a(5). The statute reflects a clear legislative policy that injured pedestrians are entitled to greater latitude in selection of excess UIM coverage than injured occupants of motor vehicles. The first paragraph of subdivision 3a(5) establishes a priority of coverage for occupants of motor vehicles. But the second paragraph of subdivision 3a(5) specifically provides that injured pedestrians are entitled to select *any* limit afforded by a policy under which they are insured. Because the statute plainly allows the injured party to select a policy for excess UIM coverage, the closeness to the risk analysis does not apply.

■ Even if the closeness to the risk analysis were relevant, the district court ignored a threshold inquiry. The closeness to the risk doctrine applies when more than one insurance policy is potentially applicable, and the loss cannot be apportioned among the insurers without violating the "other-insurance" clause of at least one policy. *Norton v. Tri–State Ins. Co.,* 590 N.W.2d 649, 654 (Minn.App.1999), *review denied* (Minn. May 26, 1999). "The closeness-to-the-risk doctrine is used only if a court first determines that the applicable policies' other-insurance clauses conflict." *Id.* (citation omitted). Here, the district court did not first find that the policies' other-insurance clauses conflict. Indeed, it is unclear how the district court could have made any such finding as only one of the two policies was in the record before the court.

■ Finally, Farmers argues that Bradley Holmstrom was not an insured under the Farmers policy for purposes of section 65B.49, subd. 3a(5), resorting to the definition of insured found at Minn. Stat. § 65B.43, subd. 5 (2000). *See Becker,* 611 N.W.2d at 13 (applying statutory definition of insured to first paragraph of subdivision 3a(5)). But the Farmers policy here does not define insured in the same manner as the statute. Rather the policy provides that "[i]nsured person" means "you or any family member," and "[f]amily member means a person related to you by blood, marriage or adoption who is a resident of your household, including ward or foster child." Because an insurance policy is a contract, the extent of an insurer's liability is generally governed by its terms so long as the policy does not omit coverage required by law. *Lobeck v. State Farm Mut. Auto. Ins. Co.,* 582 N.W.2d 246, 249 (Minn.1998). By the Farmers' policy's terms, Holmstrom was an insured person.

## DECISION

The district court erred in applying the closeness to the risk analysis to excess UIM coverage sought by an injured pedestrian. Under Minn.Stat. § 65B.49, subd. 3a(5) (2000), injured pedestrians seeking excess underinsured motorist coverage may select any limit afforded by a policy under which they are insured.

**Reversed.**