Aaron R. CARLSON, et al., Appellants,

v.

ALLSTATE INSURANCE COMPANY, Respondent,

Midwest Family Mutual Insurance Company, Respondent,

and

Allstate Insurance Company, defendant and third party plaintiff, Respondent,

v.

Michael J. Fay, et al., third party defendants, Respondents.

No. A06–1664.

Court of Appeals of Minnesota.

July 11, 2007.

Darrold E. Persson, David A. Arndt, Matonich & Persson, Hibbing, MN, for appellants.

Robert C. Barnes, McCarthy & Barnes, PLC, Duluth, MN, for respondent Allstate Insurance Company.

Karen K. Hatfield, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, MN, for respondent Midwest Family Mutual Insurance Company.

Rolf E. Sonnesyn, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, MN, for respondent Michael J. Fay, et al.

Considered and decided by RANDALL, Presiding Judge; WILLIS, Judge; and CRIPPEN, Judge.*

## OPINION

WILLIS, Judge.

Appellants challenge the district court's grant of summary judgment to respondent insurance company. Appellants argue that (1) under the plain language of the insurance policy, appellant Aaron Carlson is entitled to uninsured-motorist coverage for injuries that he suffered as a pedestrian or (2) even if the plain language of the policy does not provide coverage for Carlson, appellants had a "reasonable expectation" of uninsured-motorist coverage that must be honored by the insurance company. Appellants argue also that because Carlson "is insured" by the Allstate policy, uninsured-motorist coverage is mandated by Minn.Stat. § 65B.49, subd. 3a(5) (2006). We affirm.

## FACTS

On January 1, 2003, appellant Aaron Carlson (Carlson) parked his 2002 Ford Focus on Lyndale Avenue in Minneapolis and began walking across the street. As he reached the centerline of Lyndale Avenue, an uninsured motorist who had been parked on the opposite side of the street made a U-turn and struck Carlson. As a result, Carlson suffered several injuries, including a significant injury to his right knee. The Ford Focus was leased for Carlson by his father, appellant Robert Carlson, who added the vehicle to his automobile-insurance policy with respondent Allstate Insurance Company (Allstate).

In April 2004, Carlson obtained a default judgment in the amount of $170,000

against the uninsured motorist who struck him. Appellants then brought a suit against Allstate and Midwest Family Mutual Insurance Company (Midwest), the assigned servicing carrier for the Minnesota Assigned Claims Bureau. Appellants claimed damages in excess of $50,000 against Allstate under the uninsured-motorist provisions of the insurance policy and alleged that if Allstate were to be found not to be liable, Midwest would be liable to Carlson for no-fault benefits. The parties brought cross-motions for summary judgment. The district court granted Allstate's motion against appellants and granted appellants' motion against Midwest. This appeal follows.

## ISSUES

I. Did the district court err when it determined that the Allstate policy did not provide uninsured-motorist coverage to Carlson when he was injured while walking across the street?

II. Did the district court err when it determined that appellants did not have a reasonable expectation of coverage for Carlson's injuries?

III. Did the district court err when it determined that the Minnesota No–Fault Automobile Insurance Act does not mandate uninsured-motorist coverage for Carlson?

## ANALYSIS

On an appeal from summary judgment, this court determines (1) whether there are any genuine issues of material fact and (2) whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). We must view the record in a light most favor-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

able to the party against whom summary judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). There is no genuine issue of material fact when the record taken as a whole would not permit a rational fact-finder to find for the nonmoving party. *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997). Thus, when the nonmoving party bears the burden of proof on an element essential to the nonmoving party's case, the nonmoving party must make a showing sufficient to permit reasonable persons to draw different conclusions regarding that essential element. Id. at 71.

### I.

■ Appellants argue first that the district court erred when it determined that the Allstate policy did not provide uninsured-motorist coverage to Carlson for his injuries. The construction of an insurance policy is a question of law, which we review de novo. *Steele v. Great W. Cas. Co.,* 540 N.W.2d 886, 888 (Minn.App.1995), *review denied* (Minn. Feb. 9, 1996). A court construes an insurance policy according to the plain and ordinary meaning of the text with the purpose of effectuating the parties' intent. *Canadian Universal Ins. Co. v. Fire Watch, Inc.,* 258 N.W.2d 570, 572 (Minn.1977). When construing a policy, a court should consider both the policy and any endorsements, and should give effect to all of the provisions. *Steele,* 540 N.W.2d at 888. But the policy is "construed according to what a reasonable person in the position of the insured would have understood the words to mean," not what the insurance company intended the text to mean. *Canadian,* 258 N.W.2d at 572. And any reasonable doubt as to the meaning of the policy is resolved in favor of the insured. *Steele,* 540 N.W.2d at 888.

Under the policy at issue here, Allstate agrees to pay an "insured person" damages for bodily injury that the insured person "is legally entitled to recover from the owner or operator of an uninsured or underinsured auto" if the injury is caused "by [an] accident and arise[s] out of the ownership, maintenance or use of an uninsured or underinsured auto." The policy defines an "insured person" as (1) "[y]ou and any resident"; (2) "[a]ny person while in, on, getting into or out of an insured auto with your permission"; and (3) "[a]ny other person [who] is legally entitled to recover because of bodily injury to you, a resident, or an occupant of your insured auto with your permission." And the policy defines "you" as "the policyholder named on the Policy Declarations and that policyholder's [resident] spouse," and "resident" as "a relative who actually resides in" the policyholder's household.

There is no dispute that Carlson's injuries were caused by an accident that arose out of the use of an uninsured motor vehicle, nor is it disputed that when he was injured, Carlson was not residing in his parents' home in Hibbing, but rather lived in Minneapolis, and that Carlson was not "in, on, getting into or out of an insured auto." Thus, under the policy, Carlson is entitled to uninsured-motorist coverage for his injuries only if he is a "policyholder."

Appellants note that the policy-declarations page does not use the term "policyholder" and argue that Carlson is a "policyholder" because he is identified on the policy-declarations page as a listed driver. We disagree. While the policy-declarations page does not use the term "policyholder," it does identify the "named insured(s)," and the named insureds are Robert and Gail Carlson only. The policy-declarations page identifies Carlson only as one of the "driver(s) listed." Given the facts that Robert Carlson acquired the policy and paid the premiums, we conclude that a reasonable person would understand

that the policyholders are the "named insured(s)," not the listed drivers.

We conclude, therefore, that because Carlson is not a policyholder, Carlson is not entitled to uninsured-motorist coverage for his injuries under the plain language of the policy.

## II.

Appellants next argue that under the doctrine of reasonable expectations, Carlson is entitled to uninsured-motorist coverage. The doctrine of reasonable expectations protects the objectively reasonable expectations of an insured even if a close study of the insurance policy would negate those expectations. *Jostens, Inc. v. Northfield Ins. Co.*, 527 N.W.2d 116, 118 (Minn.App.1995), *review denied* (Minn. Apr. 27, 1995). When determining whether the insured's expectations are objectively reasonable, courts consider any ambiguity in the policy, whether the insured was orally informed of an important but obscure provision, and whether the provision is of a type that is generally known to the public. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 311 (Minn.1989). The doctrine is generally applied when an insurance policy has been misrepresented or misunderstood, or when a legal technicality would defeat the insured's objectively reasonable expectations. *Reinsurance Assn. of Minn. v. Johannessen*, 516 N.W.2d 562, 565–66 (Minn.App.1994), *review denied* (Minn. Aug. 24, 1994).

Appellants argue that they had a reasonable expectation that uninsured-motorist coverage extended to Carlson because Robert Carlson's insurance agent told him that his two children were "covered the same as" he and his wife and because Carlson's name was added to the policy-declarations page and insurance cards were issued accordingly. The district court determined that any expectation of coverage that appellants may have had was defeated by the plain language of the policy, noting that uninsured-motorist coverage is extended "only to those who are considered 'insured [persons]' under the policy" and that Carlson was not an "insured person" when he was struck by the uninsured motorist.

As we have noted above, we agree with the district court that Carlson was not an "insured person" as a pedestrian. Thus, regardless of whether Carlson was a listed driver on the policy-declarations page, the plain language of the policy excludes coverage for Carlson's injuries. *See Reinsurance Ass'n*, 516 N.W.2d at 566 (noting that the doctrine of reasonable expectations does not apply when a prominent term excludes coverage). Further, even if Robert Carlson was told that his two children were "covered the same" as he and his wife, the doctrine of reasonable expectations does not eliminate the policyholder's obligation to read the policy. *See Hubred*, 442 N.W.2d at 311. And we note that while Carlson was in, on, or getting into or out of the vehicle, he had the same uninsured-motorist coverage that his parents had. Thus, under the plain language of the policy, appellants had no reasonable expectation of coverage for Carlson's injuries.

## III.

Appellants argue finally that uninsured-motorist coverage for Carlson in these circumstances is mandated by Minn. Stat. § 65B.49, subd. 3a(5) (2006), which is part of the no-fault act. When construing a statute, we must first determine whether the statute is ambiguous, that is, whether the statute is reasonably subject to more than one interpretation. *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). If the statute is not ambiguous, we must apply the plain meaning of

the statute. *In re Welfare of E.S.C.*, 731 N.W.2d 149, 152 (Minn.App.2007). We construe a statute to give effect to all of its provisions, and a statute is construed as a whole to avoid conflicting interpretations. *Schroedl*, 616 N.W.2d at 277. If a statute fails to define a term, we give that term its ordinary and plain meaning. *See Possis Corp. v. Cont'l Machs., Inc.*, 425 N.W.2d 286, 290 (Minn.App.1988), *review denied* (Minn. July 28, 1988).

▆▆▆ The purpose of the no-fault act is "to relieve the severe economic distress of uncompensated automobile accident victims." *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn.1998). Under the statute, every automobile-insurance policy issued in Minnesota must include uninsured-motorist coverage. Minn. Stat. § 65B.49, subd. 3a(1) (2006). A policy that does not provide the mandatory minimum coverage required by the statute is extended by operation of law to afford that level of coverage. *See Osterdyke v. State Farm Mut. Auto. Ins. Co.*, 420 N.W.2d 900, 902 (Minn.1988).

Section 65B.49, subdivision 3a(5), is the part of the no-fault act that establishes the order in which an injured person should seek uninsured-motorist coverage from "relevant policies." *Schons v. State Farm Mut. Auto. Ins. Co.*, 621 N.W.2d 743, 745 (Minn.2001). The statute provides in full:

> If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured. The excess insurance protection is limited to the extent of covered damages sustained, and further is available only to the extent by which the limit of liability for like coverage applicable to any one motor vehicle listed on the automobile insurance policy of which the injured person is an insured exceeds the limit of liability of the coverage available to the injured person from the occupied motor vehicle.

> If at the time of the accident the injured person is not occupying a motor vehicle or motorcycle, the injured person is entitled to select any one limit of liability for any one vehicle afforded by a policy under which the injured person is insured.

The first paragraph of section 65B.49, subdivision 3a(5), governs the right of an injured person who was *occupying* a motor vehicle to seek underinsured- or uninsured-motorist coverage. *Holmstrom v. Ill. Farmers Ins. Co.*, 631 N.W.2d 102, 104 (Minn.App.2001). The second paragraph "declares the benefits for those, such as pedestrians, who [were] not." *Id.* (quoting *Northrup v. State Farm Mut. Auto. Ins. Co.*, 601 N.W.2d 900, 904 (Minn.App.1999), *review denied* (Minn. Jan. 25, 2000)). Because there is no dispute that Carlson was a pedestrian when he was injured, we apply the second paragraph.

Appellants argue that because the second paragraph of section 65B.49, subdivision 3a(5), provides that an injured person may select any one policy for any one vehicle under which the injured person "is insured," and because even if Carlson was not a policyholder under the Allstate policy, he "is insured" by that policy, the statute mandates uninsured-motorist coverage here.

Respondents argue that an injured person "is insured" by a policy only if that person is the named insured under the

policy or the spouse or other relative who resides in the same household as the named insured and is not named on any other insurance policy, relying on the supreme court's decision in *Becker v. State Farm Mut. Auto. Ins. Co.,* 611 N.W.2d 7 (Minn.2000). But *Becker* construed the term "an insured" as it appears in the first paragraph of section 65B.49, subdivision 3a(5), not "is insured," which is the term used in the second paragraph of section 65B.49, subdivision 3a(5). *See id.* at 11.

The district court concluded that section 65B.49, subdivision 3a(5), does not mandate coverage because Carlson "was insured" by the Allstate policy only when he was "in, on, or getting out of the vehicle." We agree.

For the purpose of the second paragraph of Minn.Stat. § 65B.49, subd. 3a(5), an injured person "is insured" by an automobile-insurance policy if he is entitled to uninsured-motorist coverage under that policy for his injury. The statute does not define the term "is insured." [1] We therefore apply the plain and ordinary meaning of "is insured." *See Am. Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn. 2001). To "insure" is defined as, inter alia, to "have insurance for." *The American Heritage Dictionary* 909 (4th ed.2000). Thus, a person "is insured" by a policy only in those circumstances for which he has insurance. *See Sullivan v. City of Minneapolis,* 570 N.W.2d 8, 11–12 (Minn.

App.1997) (concluding that because a police officer, who was injured while chasing a suspect on foot, was not covered by the Minneapolis insurance policy, which only covers city employees while they are occupying a city vehicle, he was not insured by that policy for the purpose of the second paragraph of section 65B.49, subdivision 3a(5)).

Because there is no claim that the Allstate policy did not provide the mandatory minimum uninsured-motorist coverage required by statute, whether Carlson was insured by the Allstate policy when he was struck by the uninsured motorist depends on the terms of the policy. *See Stewart v. Ill. Farmers Ins. Co.,* 727 N.W.2d 679, 684 (Minn.App.2007) (noting that when an insurance policy provides the minimal coverage required by statute, the terms of the policy determine the extent of the insurer's liability). We have already concluded that Carlson was not entitled to uninsured-motorist coverage under the policy when he was struck by the uninsured motorist; he was not, therefore, insured under the policy for the purpose of the second paragraph of section 65B.49, subdivision 3a(5).

## DECISION

Carlson was not entitled to uninsured-motorist coverage for his injuries under the plain language of the Allstate policy; appellants had no reasonable expectation of uninsured-motorist coverage for Carl-

---

1. We note that the statute does define the word "insured" as "an insured under [an insurance policy]," which the statute then defines as the named insured of an insurance policy and, inter alia, the named insured's spouse or other relative who resides in the same household as the named insured. *See* Minn.Stat. § 65B.43, subd. 5 (2006). This definition applies to the term "an insured," not the term "is insured." *See Becker,* 611 N.W.2d at 11 (defining "an insured" as those categories of individuals identified in section 65B.43, subdivision 5); *see also* Minn.Stat. § 65B.43, subd. 1 (2006) (providing that the definition of "insured" is applicable unless the "context clearly indicates a different meaning"). But we also note that, in any event, Carlson would not qualify as "an insured" under section 65B.43, subdivision 5, because it is undisputed that he was not residing in his parents' home.

son's injuries; and Carlson was not insured by the Allstate policy when he was injured by the uninsured motorist and, thus, Minn.Stat. § 65B.49, subd. 3a(5) (2006), does not mandate coverage for Carlson's injuries. We therefore affirm the district court.

**Affirmed.**