**JOSTENS, INC., Appellant,**

v.

**NORTHFIELD INSURANCE COMPANY, Respondent.**

No. C3–94–1394.

Court of Appeals of Minnesota.

Jan. 31, 1995.

Review Denied April 27, 1995.

Mark M. Nolan, Stapleton, Nolan & McCall, P.A., St. Paul, for appellant.

Joel D. Hedberg, James F. Baldwin, Murnane, Conlin, White & Brandt, St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and HUSPENI and FOLEY,* JJ.

## OPINION

DAVIES, Judge.

Insured challenges summary judgment for insurer, arguing that insurance policy provided illusory coverage of discrimination claims. We affirm.

## FACTS

Appellant Jostens, Inc. (Jostens), paid $90,000 for a $5,000,000 "Umbrella Liability Policy" from respondent Northfield Insurance Company (Northfield). The policy provided liability coverage for bodily injury and personal injury damages in excess of other insurance on a broad variety of risks. Among many other injuries, the policy defined "personal injury" to include injury arising out of:

Discrimination except for that:

(1) arising out of the violation of a statute;

(2) committed by or with your knowledge or consent;

(3) discrimination towards an employment applicant, employee or wrongful termination of any employment; or

(4) committed on the basis of race, creed, color, sex, age or national origin.

In 1990, the EEOC filed charges against Jostens Learning Corporation, a subsidiary of Jostens, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and age discrimination in violation of the Employment Act of 1967. Jostens tendered the case to Northfield. Northfield acknowledged the claim, but informed Jostens that it had not yet determined if its policy provided coverage. Later, not receiving an affirmation of coverage from Northfield, Jostens retained independent counsel to defend against the claims; Jostens then entered into a conciliation agreement with the EEOC. Altogether, Jostens has incurred fees and costs in excess of $300,000.

Jostens filed a declaratory judgment action against Northfield seeking coverage under the policy. The district court granted summary judgment for Northfield. This appeal followed.

## ISSUE

Did the district court err in denying Jostens discrimination coverage?

## ANALYSIS

On review of a summary judgment, this court must determine if there are any genu-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ine issues of material fact and whether the district court correctly applied the law. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992). The interpretation of an insurance contract on the facts presented is a question of law. *Meister v. Western Nat'l Mut. Ins.*, 479 N.W.2d 372, 376 (Minn. 1992).

The parties attempt to direct our analysis. Jostens urges an illusory coverage approach, viewing that approach as most to its advantage. Northfield replies that an illusory coverage analysis is nothing more than a reasonable expectation approach, and it then argues that Jostens could have no reasonable expectation of coverage.

## A. Doctrine of "Reasonable Expectations"

■ Reserving for the moment the question of illusory coverage, we agree with Northfield that Jostens could not prevail based on reasonable expectations.

■ The doctrine of "reasonable expectations" protects the "objectively reasonable expectations" of insureds "even though painstaking study of the policy provisions would have negated those expectations." *Atwater Creamery v. Western Nat'l Mut. Ins.*, 366 N.W.2d 271, 277 (Minn.1985) (quoting Robert E. Keeton, *Insurance Law Rights at Variance with Policy Provisions*, 83 Harv.L.Rev. 961, 967 (1970)).

The Northfield policy provided liability coverage for discrimination *except for* (1) statutory discrimination, (2) knowing or intentional discrimination, (3) employment discrimination, and (4) discrimination based on race, creed, color, gender, age or national origin.

Jostens concedes that any claimed expectation of discrimination coverage would necessarily be derived from the above policy language, not its own original expectations as it went into the insurance marketplace. And we believe that the policy's "except for" language immediately negated any legitimate expectation engendered. Jostens could not have been under more than a momentary delusion that the policy afforded coverage for the costs at issue, given the juxtaposition of the exclusions to the policy's mention of discrimination; thus, the reasonable expectations doctrine does not provide coverage.

## B. Illusory Coverage

■ We view the concept of illusory coverage as an independent means to avoid an unreasonable result when a literal reading of a policy unfairly denies coverage. So we now view the policy as Jostens asks—through the illusory coverage glass. Upon scrutiny, however, an illusory coverage analysis serves Jostens no better than reasonable expectations. Jostens cannot avoid the literal language of the policy.

Jostens argues that the policy afforded illusory coverage because the four limitations effectively swallow the general grant of discrimination coverage. But Jostens cannot argue that it paid $90,000 for nothing—that is, for illusory discrimination coverage—because the policy was much more than a simple "discrimination damages" policy. Rather, it afforded excess and umbrella coverage for a wide variety of damages other than those arising from discrimination.

■ Under the doctrine of illusory coverage, "[l]iability insurance contracts should, if possible, be construed so as not to be a delusion to" the insured. *Motor Vehicle Casualty Co. v. Smith*, 247 Minn. 151, 157, 76 N.W.2d 486, 490–91 (1956). The illusory coverage doctrine, like reasonable expectations, operates to qualify the general rule that courts will enforce an insurance contract as written.

For example, in *Glarner v. Time Ins.*, 465 N.W.2d 591 (Minn.App.1991), *pet. for rev. denied* (Minn. Apr. 18, 1991), this court addressed a temporal form of illusory coverage created by a conditional receipt. The policy purported to take effect upon delivery of the policy, but in the conditional receipt the insurer defined delivery so coverage commenced only upon the company's approval of the application. *Id.* at 595. We awarded coverage because the insurer received a premium for a period without incurring any risk for that period. *Id.*

In *Sawyer v. Midland Ins.*, 383 N.W.2d 691 (Minn.App.1986), *pet. for rev. granted*

(Minn. May 16, 1986), *rev. vacated,* 397 N.W.2d 893 (Minn.1986), this court addressed a definition of "uninsured motor vehicle" that, if read strictly, would not provide coverage for an accident involving any of the insured's vehicles. We declined to read the definition strictly, noting that it would "eliminate totally its usefulness" and render coverage illusory; rather, we interpreted the definition to accord with the parties' indisputable intention to provide uninsured motorist coverage. *Id.* at 695–96.

■ We believe that the doctrine of illusory coverage is best applied—as *Glarner* and *Sawyer* illustrate—where part of the premium is specifically allocated to a particular type or period of coverage and that coverage turns out to be functionally nonexistent.

■ Here, there is no basis to invoke the illusory coverage doctrine and to depart from the policy as written—absent some extra-contractual evidence that Jostens reasonably thought some specific part of its premium was allocated to discrimination coverage. We base our decision on a reading of the policy language under the usual rule of insurance contract interpretation—an insurer's liability is governed by the parties' contract and the court's function is to enforce that agreement. *Grossman v. American Family Mut. Ins.,* 461 N.W.2d 489, 493 (Minn.App. 1990), *pet. for rev. denied* (Minn. Dec. 20, 1990). The policy must be construed according to the language used by the parties in their agreement. *Dairyland Ins. v. Implement Dealers Ins.,* 294 Minn. 236, 244, 199 N.W.2d 806, 811 (1972).

### DECISION

The district court did not err in granting Northfield summary judgment.

**Affirmed.**