# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4454

_____

BancInsure, Inc.                                   *
                                                   *
              Appellee,                            *
                                                   *   Appeal From the United States
        v.                                         *   District Court for the
                                                   *   District of Minnesota
Marshall Bank, N.A.,                               *
                                                   *
              Appellant.                           *

_____

Submitted:  June 16, 2006
Filed:   July 17, 2006

_____

Before SMITH, HEANEY, and GRUENDER, Circuit Judges.

_____

HEANEY, Circuit Judge.

Marshall Bank, N.A. (Marshall Bank) appeals the district court's[1] grant of summary judgment in favor of BancInsure, Inc. (BancInsure).  We affirm.

Marshall Bank is a banking corporation based in Hallock, Minnesota. BancInsure, an Oklahoma banking corporation, provided Marshall Bank with a standard financial institution bond that indemnified Marshall Bank for certain losses. Among other things, the bond provided coverage for loans made based on the good

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

faith belief that the loan was secured by a guarantor, but where the guarantor's signature was actually a forgery. Marshall Bank's policy limit for this type of loss was $500,000, with a $5,000 deductible.

In 2003, Patrick Forciea approached Marshall Bank for the purpose of obtaining business financing. Forciea, acting on behalf of two corporations, Agenzia Sports, Inc. and Landers, LLC, sought a $2.56 million loan to purchase one minor league hockey team and refinance another. Marshall Bank agreed to fund the loan, provided that Forciea secure personal guarantees from his business associates, Ford Nicholson and Philip Ordway, in the amount of $1.25 million each.

Two days before the loan proceeds were scheduled to be disbursed, Forciea visited Marshall Bank's offices and executed most of the loan documents. He did not, however, provide the personal guarantees of Nicholson and Ordway at that time. Forciea assured Marshall Bank that he would fly to Florida, meet with Nicholson and Ordway there, and have them execute their loan documents. On March 25, 2004, Marshall Bank received by fax the personal guarantees of Nicholson and Ordway. Marshall Bank disbursed the loan proceeds the next day.

Soon after Marshall Bank disbursed the loan proceeds, irregularities surfaced with respect to the loan. The bank's president read in a newspaper that Forciea was under criminal investigation, and thereafter sought original personal guarantees from Nicholson and Ordway. Forciea sent Marshall Bank documents that were not satisfactory to the bank. Eventually, Marshall Bank discovered that Forciea had forged the personal guarantees of Nicholson and Ordway.

Marshall Bank sustained a significant loss as a result of the loan to Forciea. It made a claim for coverage under its BancInsure bond. BancInsure denied coverage, and then instituted a declaratory judgment action, seeking a ruling that Marshall Bank's loss was not covered under the bond policy. The district court granted

summary judgment to BancInsure. It held that, under Minnesota law, coverage only attached if Marshall Bank was in actual physical possession of the original guarantees before disbursing the loan proceeds. Because the undisputed evidence showed that Marshall Bank only had faxed copies at the time it disbursed the loan proceeds, it had not satisfied all conditions precedent to coverage. This appeal followed.

Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review the district court's grant of summary judgment de novo. Cousineau v. Norstan, Inc., 322 F.3d 493, 495 (8th Cir. 2003). The parties agree that Minnesota law governs this contract dispute. In Minnesota, "[c]ontract interpretation is determined as a matter of law," and a contract's "construction and effect are also questions of law, unless the contract terms are ambiguous." Cousineau, 322 F.3d at 496 (citing Lake Superior Paper Indus. v. Minnesota, 624 N.W.2d 254, 258 (Minn. 2001) and Brookfield Trade Ctr., Inc. v. County of Ramsey, 584 N.W.2d 390, 394 (Minn. 1998)). Thus, we review these matters de novo as well. Mapes v. MTR Gaming Group, Inc., 299 F.3d 706, 707 (8th Cir. 2002).

The bond in this case provides coverage, in relevant part, for

Loss resulting directly from the Insured having, in good faith, for its own account or the account of others, . . . extended credit . . . on the faith of any original . . . personal Guarantee . . . which . . . bears the signature of any . . . guarantor . . . which is a Forgery.

(Appellant's App. at A42-A43.)

The bond requires "[a]ctual physical possession" of the guarantee as "a condition precedent to the Insured's having relied on the faith" of the guarantee. (Id. at A43.) The bond also states, however, that an original signature on the document

is not a condition precedent to coverage: "A mechanically reproduced facsimile signature is treated the same as a handwritten signature." (Id.)

Minnesota law makes clear that actual physical possession of the document is necessary for the bond's indemnification provision to apply. Nat'l City Bank v. St. Paul Fire & Marine Ins. Co., 447 N.W.2d 171, 176-78 (Minn. 1989). National City Bank instructs with certainty that actual physical possession of the guarantee is a condition precedent to enforcing the bond, and "no legal principle permits violation of a contract condition to be completely ignored." 447 N.W.2d at 178.

Marshall Bank does not dispute that it was required to possess the guarantees in order for coverage to attach. Rather, it argues that we ought to read the bond to treat faxed copies of the guarantees as if they were the originals, and accordingly to hold that its possession of the faxed guarantees satisfied the bond's physical possession condition. For support, Marshall Bank draws our attention to the statement that "[a] mechanically reproduced facsimile signature is treated the same as a handwritten signature." (Appellant's App. at A43.)

We are unpersuaded. By its own terms, the clause at issue speaks to what type of *signature* is acceptable. It does not, however, except the bank from maintaining actual physical possession of the original guarantee; indeed, the bond specifically requires such possession. The district court aptly recognized that Marshall Bank's interpretation is antithetic to the remainder of the relevant section of the bond:

> Marshall Bank's interpretation makes the language requiring possession of the original documents either contradictory or meaningless. It simply makes no sense to require possession of the original documents, and then state that a facsimile copy has the same effect as the original[.]

BancInsure, Inc. v. Marshall Bank, N.A., 400 F. Supp.2d 1140, 1144 (D. Minn. 2005).

-4-

A contract is to be read as harmonious, such that each of its terms are given effect consistent with one another. Telex Corp. v. Data Prods. Corp., 135 N.W.2d 681, 685 (Minn. 1965). Here, the clear meaning of the clause regarding use of a mechanically reproduced facsimile signature is that it treats a reproduction signature the same as the original signature, not that it permits copied documents to serve as proxies for originals. This is precisely what the district court concluded, and we find no error therein.

Marshall Bank alternatively argues that if it cannot prevail under its theory of contract interpretation, it is nonetheless entitled to relief under the illusory coverage doctrine. The illusory coverage doctrine operates to provide coverage to an insured where the policy unfairly denies it. Jostens, Inc. v. Northfield Ins. Co., 527 N.W.2d 116, 118 (Minn. Ct. App. 1995). The doctrine is "best applied" where a specific portion of the insured's premium is allocated to coverage that turns out to be "functionally nonexistent." Id. at 119.

Again, we cannot agree that the coverage against forgery that Marshall Bank purchased was meaningless. The protection afforded by the policy is against forgery, but not forgery committed by use of faxed documents, accepted by the bank without perusal of the originals.[2] Several factual scenarios, all involving forgery, would have clearly resulted in coverage under the policy. Most notably, Marshall Bank could have simply waited for original documents to arrive before disbursing funds. The fact that an insured's circumstance is outside a policy's realm of coverage does not, without more, render the policy illusory. Marshall Bank paid for protection from forgery and, in most instances, the policy provided that coverage. This is not one of those instances, however, and we will not read such coverage into the policy.

---

[2]The policy's requirement that the bank possess original documents recognizes that the bank is often in the best position to protect itself from a borrower's fraud.

For the reasons stated above, we affirm the well-reasoned opinion of the district court in all respects.

_____