# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1413

_____

| | | |
|---|---|---|
| Lateca Williams, Individually and on behalf of the Heirs at Law of Teca Jordan, Deceased, | * * * * | |
| Appellant, | * * | |
| v. | * * | Appeal from the United States District Court for the |
| Scott Bradshaw, in his individual capacity; Ty Basiliere, in his individual capacity; Clint Tedford, in his individual capacity; City of Nashville, Arkansas; Howard County, Arkansas, | * * * * * * | Western District of Arkansas. |
| Appellees. | * * * | |

_____

Submitted: June 16, 2006
Filed: August 16, 2006

_____

Before ARNOLD and BEAM, Circuit Judges, and DOTY,[1] District Judge.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

ARNOLD, Circuit Judge.

Lateca Williams appeals the order of the district court[2] granting the defendants' motion for judgment on the pleadings, as well as its order denying her motion to amend her complaint. For the reasons stated below, we affirm.

Ms. Williams's mother, Teca Jordan, died while in police custody. Two years later, Ms. Williams sued the defendants under 42 U.S.C. § 1983, claiming that their conduct had violated Ms. Jordan's rights under the eighth and fourteenth amendments. The Arkansas statute of limitations period for personal injury suits is three years, *see* Ark. Code Ann. § 16-56-105(3), and that limitations period applies to § 1983 actions filed in Arkansas that allege a physical injury. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). In answering the complaint, one of the defendants maintained that Ms. Williams did not have standing to bring suit.

Once the limitations period expired, all of the defendants moved for judgment on the pleadings, arguing that Ms. Williams lacked standing. Federal courts are to apply state law in deciding who may bring a § 1983 action on a decedent's behalf. *See* 42 U.S.C. § 1988(a); *Andrews v. Near*, 253 F.3d 1052, 1056-57 (8th Cir. 2001). Under Arkansas law a wrongful-death action may be brought only by a personal representative or, if there is no personal representative, by the decedent's heirs at law. Ark. Code Ann. § 16-62-102(b). The plaintiff listed in the caption of the original complaint is "Lateca Williams, Individually and on Behalf of the Heirs at Law of Teca Jordan, Deceased." Ms. Williams was not the estate's personal representative when she filed the complaint, and Arkansas law states that "[i]f there is no personal representative of the deceased person, then the action shall be brought by all the heirs at law of the deceased." *Ramirez v. White County Circuit Court*, 343 Ark. 372, 381, 38 S.W.3d 298, 303 (2001). Since Ms. Jordan's other heirs were not listed as plaintiffs

---

[2] The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

to the action, the defendants contended that the complaint did not meet the requirements of § 16-62-102(b).

After the defendants filed their motion, Ms. Williams sought to amend her complaint to reflect her new legal status as special administratrix of the estate and to raise additional claims. The defendants argued that despite the liberal amendment policy of Fed. R. Civ. P. 15(a), the district court should deny the motion. Because the original complaint did not comply with § 16-62-102(b), the argument ran, it was rendered a "nullity" under Arkansas law, *see Rhuland v. Fahr*, 356 Ark. 382, 390-92, 155 S.W.3d 2, 8-9 (2004), and thus there was no complaint to amend.

The district court granted the defendants' motion for judgment on the pleadings and denied Ms. Williams's motion to amend. We review a judgment on the pleadings *de novo. Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). We will affirm only if Ms. Williams can prove no set of facts in support of her claim that would entitle her to relief. *See, e.g., Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 567 (2005); *cf. Botten v. Shorma*, 440 F.3d 979, 980 (8th Cir. 2006). We review the district court's denial of a motion to amend for an abuse of discretion. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 555 (8th Cir. 2006), *petition for cert. filed*, 75 U.S.L.W. 3009 (U.S. Jun 30, 2006) (No. 06-12).

Because a wrongful-death action is a creature of statute in derogation of the common law, Arkansas courts narrowly construe the statute in determining if a complaint states a claim. *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 206, 73 S.W.3d 584, 589 (2002). The Arkansas wrongful-death statute has been interpreted to mean that only one action can be brought for the death sued upon, *Brewer v. Poole*, 362 Ark. 1, 11, __ S.W.3d __ (2005), and where no personal representative has been appointed, that action must be brought by all of the decedent's heirs at law, *Ramirez*, 343 Ark. at 381, 38 S.W.3d at 303; Ark. Code

-3-

Ann. § 16-62-102(b). Ms. Williams argues that her original complaint met that requirement by "identifying and asserting claims on behalf of all heirs at law." But bringing a claim on a person's behalf and having that person bring the claim on his or her own are two very different things.

Ms. Williams maintains that all of the heirs were indeed parties to the action. She points to the fact that the complaint named all of Ms. Jordan's heirs when it described who had been injured by the defendants' actions. We find this argument unavailing. Under the Federal Rules of Civil Procedure, the title of the action in a complaint "shall include the names of all the parties." Fed. R. Civ. P. 10(a); *see also* Ark. R. Civ. P. 10(a). While a caption is not determinative as to who is a party to a suit, *Greenwood v. Ross*, 778 F.2d 448, 452 (8th Cir. 1985), we think that it is entitled to considerable weight when determining who the plaintiffs to a suit are since plaintiffs draft complaints. In addition, the first two paragraphs of the complaint listed the parties to the suit, but Ms. Williams is the only plaintiff mentioned. Finally, the complaint refers repeatedly to only a singular "plaintiff." We therefore conclude that the sole plaintiff in the original complaint was Ms. Williams and, because not all of Ms. Jordan's heirs were joined as plaintiffs, Ms. Williams lacked standing. The district court thus properly granted the motion for judgment on the pleadings.

The district court did not abuse its discretion in denying Ms. Williams's motion to amend. When, as here, a complaint amounts to a nullity, it cannot serve as the foundation for an amendment: Since the original complaint was without legal effect, there was nothing to amend. Granting the motion to amend would have been impossible. *Cf. Jones ex rel. Jones v. Correctional Med. Servs.*, 401 F.3d 950, 952 (8th Cir. 2005); *Brewer*, 362 Ark. at 14-15, __ S.W.3d at __. And in considering the amended complaint on its own, the district court correctly noted that its claims were barred by the statute of limitations.

For the foregoing reasons, we affirm.

_____