# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1613

_____

| | | |
|---|---|---|
| Marcovous L. Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Arkansas Department of Correction; | * | |
| Larry Norris, In his Official Capacity | * | [UNPUBLISHED] |
| as Director of Arkansas Department of | * | |
| Correction; Robert A. Parker, Mental | * | |
| Health Administrator; Kay Howell, | * | |
| Warden, Wrightsville Unit; Roger | * | |
| Cameron; Kerry Bakken, Clinical | * | |
| Supervisor; Sharon McGlothin, Unit | * | |
| Supervisor, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 14, 2011
Filed: October 26, 2011

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Marcovous Williams challenges the district court's orders granting defendants judgment on the pleadings as to some claims and summary judgment on the remaining claims in her employment-discrimination action against her former employer, the

Arkansas Department of Correction, and others. After careful de novo review, *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010) (judgment on pleadings); *Anderson v. Larson*, 327 F.3d 762, 767 (8th Cir. 2003) (summary judgment), this court affirms in part and reverses in part.

Initially, this court finds that the district court properly dismissed as conclusory Williams's claim that she was terminated on the basis of her race or gender, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) ("legal conclusions" will not be assumed true unless they are "supported by factual allegations"); and the district court properly granted summary judgment on her retaliatory-discharge claim based on defendants' unrebutted evidence that Williams was terminated for nondiscriminatory reasons, and Williams's failure to show that those reasons were pretextual, *see Smith v. Fairview Ridges Hosp.*, 625 F.3d 1076, 1087 (8th Cir. 2010) (burden-shifting analysis); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) (violating policy is legitimate, nondiscriminatory rationale for terminating employee).[1]

The district court erred, however, in dismissing Williams's hostile-work-environment claim for failure to state a claim. The complaint alleged (albeit in different sections) that Williams suffered discriminatory practices; that her supervisor charged her with false disciplinary violations and exposed her breasts to Williams in an inappropriate fashion; that she was mistreated; and that this conduct occurred because of her race and gender. This court concludes that, liberally construed and read as a whole, the complaint sufficiently alleged that Williams suffered the described harassment because she is an African-American woman. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (short and plain statement must provide fair notice of claim and grounds for relief; court should construe complaint liberally in light most favorable to plaintiff); *Eliserio v. United Steelworkers of Am. Local 310*,

---

[1]We also reject as meritless Williams's argument that the court erred in denying her motion to compel discovery. *See Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010) (abuse-of-discretion standard of review).

398 F.3d 1071, 1076 (8th Cir. 2005) (Title VII and 42 U.S.C. § 1981 claims alleging hostile work environment are analyzed under identical standard; employer violates Title VII if workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter conditions of victim's employment and create abusive working environment); *Smith v. Ouachita Technical Coll.*, 337 F.3d 1079, 1080 (8th Cir. 2003) (per curiam) (complaint should not be dismissed merely because it does not state with precision all elements that give rise to legal basis for recovery).

Accordingly, this court reverses the dismissal of the hostile-work-environment claim and remands to the district court for further proceedings consistent with this opinion.[2]  This court affirms in all other respects.

_____

---

[2]This court expresses no opinion on which defendants might be held liable on the claim, as this is a task best left to the district court on remand.